IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARNEL BRYANT, *Plaintiff,* v. Unit Manager CLARK, *et al.,* *Defendants.* | CIVIL ACTION NO. 5:20-cv-000196-TES-CHW |

## ORDER

The Court held a pretrial conference in the above-captioned case on Friday, February 11, 2022. During the conference, the Court heard arguments from both parties regarding Defendant Reginald Clark's Motion in Limine [Doc. 49]. Following such arguments, the Court issued oral rulings as to each of those matters set forth in Defendant's Motion. This Order is entered to formally memorialize those oral rulings as well as rule on another pretrial matter—Plaintiff Carnel Bryant's Motion to Appoint Counsel [Doc. 43].

## DISCUSSION

### A.    Motion in Limine

For the reasons discussed during the pretrial conference, the Court rules on Defendant's Motion as follows:

Defendant's Motion in Limine No. 1 to preclude all parties and witnesses from stating or implying that Defendant Clark has liability insurance coverage or that the Georgia Department of Administrative Services has a financial interest in the case is **GRANTED**.

Defendant's Motion in Limine No. 2 to preclude Plaintiff from presenting evidence or eliciting testimony regarding other lawsuits involving Defendant Clark to show his alleged propensity to use excessive force is **GRANTED**.

Defendant's Motion in Limine No. 3 to preclude mention of other grievances filed against Defendant Clark is **GRANTED**.

Defendant's Motion in Limine No. 4 to preclude any non-medical witness from offering testimony in the form of a medical opinion as to the diagnosis of injuries alleged to have resulted from the incident at issue in this action is **GRANTED**. However, Plaintiff is permitted to testify as to any pain, discomfort or suffering he experienced at the time of the alleged incident.

Defendant's Motion in Limine No. 5 to preclude the introduction of written statements from witnesses who are not present to testify at trial is **GRANTED**.

And, as to Defendant's Motion in Limine No. 5 to exclude the introduction of the Georgia Department of Corrections ("GDC") Standard Operating Procedures, the Court **RESERVES RULING** until trial. That said, during the pretrial conference, the Court made it abundantly clear that Plaintiff could not seek to introduce the GDC Standard

2

Operating Procedures to show that Defendant Clark's alleged failure to comply with its policies is tantamount to a constitutional violation.

### B.      Motion to Appoint Counsel

Plaintiff moves for appointment of counsel, presumably under 28 U.S.C. § 191(e)(1). [Doc. 43]. The Court finds the Eleventh Circuit's recent holding in *Beasley v. United States* instructive. It includes the relevant standard with respect to appointments of counsel in civil cases.

> A plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision and should do so only in exceptional circumstances. [*Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)]. Exceptional circumstances include the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation marks omitted, alteration in original). The key is whether the *pro se* litigant needs help in presenting the merits of his position to the court. *Id.*

*Beasley v. United States*, 852 F. App'x 520, 521 (11th Cir. 2021). Plaintiff's allegations do not demonstrate that his case contains sufficient "exceptional circumstances" to warrant the appointment of counsel in this matter. For example, Plaintiff asserts that appointment of counsel would "better enable [him] to present evidence and cross-examine witnesses at trial." [Doc. 43, p. 2]. And, while that could very well be true, Plaintiff's excessive force claim is not so novel and complex as to require the assistance of a lawyer. *See Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (concluding that the "[plaintiff], like any other *pro*

*se* litigant, would likely have benefitted from the assistance of a lawyer, but his . . . excessive force claims were not so unusual" as to necessitate appointment of counsel). Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 43].

**CONCLUSION**

For the reasons discussed during the pretrial conference, the Court largely **GRANTS** Defendant's Motion in Limine [Doc. 49]. And, for those reasons discussed in this Order, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 43].

**SO ORDERED**, this 11th day of February, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**