# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CARNEL BRYANT,<br><br>*Plaintiff*,<br><br>v.<br><br>Unit Manager CLARK, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:20-cv-00196-TES-CHW |

## ORDER

On February 14, 2022, *pro se* Plaintiff Carnel Bryant tried his excessive force claim against Defendant Clark to a jury. [Doc. 59]. At the close of the trial, the jury returned a verdict in favor of Defendant Clark and against Plaintiff. [Doc. 56]; [Doc. 57]. Judgment [Doc. 58] was entered in favor of Defendant Clark soon thereafter. Plaintiff moves for "reconsideration" of that Judgment, as well as leave to appeal *in forma pauperis*. [Doc. 63]; [Doc. 66]. For the reasons discussed below, the Court **DENIES** both Motions.

### DISCUSSION

A. <u>**Motion for Reconsideration**</u>

Plaintiff has filed a document titled "Notice of Appeal" that seeks reconsideration of the Judgment entered against him. [Doc. 63]. As a result, the Court construes this document as a motion for reconsideration. That being said, Plaintiff did

not indicate which Federal Rule of Civil Procedure he relied on to support his request for reconsideration. Since it appears that Plaintiff's interest in filing this document is to have the Judgment set aside, the Court can either construe the filing as a motion to amend or alter a judgment under Federal Rule of Civil Procedure 59, or as a motion for relief from judgment under Federal Rule of Civil Procedure 60. *See Shaarbay v. State of Fla.*, 269 F. App'x 866, 867 (11th Cir. 2008). But, "[w]hen a motion for reconsideration of a judgment is filed within the time period set forth in Rule 59(b), the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60." *Hammock v. Strength*, No. CV-111-112, 2012 WL 1245681, at *1 (S.D. Ga. Apr. 12, 2012) (citing *Mahone v. Ray*, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003)).

Under Rule 59(e), a party may move the court to alter or amend a civil judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Since Plaintiff filed this document within that time frame, the Court considers whether, under this Rule, he has "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Battle*, 272 F.Supp.2d 1354, 1357 (N.D. Ga. 2003) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993)).

As a general rule, "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F.Supp.2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1)

an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Renolds, Inc.*, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998)). In his document, Plaintiff offers absolutely no reason to justify reconsideration of the Judgment—he just asked that it be reconsidered. It goes without saying that this is woefully insufficient. As a result, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 63].

### B. Motion to Appeal *In Forma Pauperis*

Plaintiff filed his Notice of Appeal, indicating his intention to appeal the Court's entry of Judgment against him. *See* [Doc. 64]. Additionally, Plaintiff filed a Motion to Appeal *In Forma Pauperis*. [Doc. 66]. Upon review of the Motion, the Court concludes that Plaintiff has not shown that his appeal is taken in good faith.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

3

28 U.S.C. § 1915(a)(1), (3). Similarly, Appellate Rule 24(a) provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> . . .
> If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. R. 24(a)(1)–(2).

Pursuant to both provisions, the district court may authorize an appeal of a civil action without prepayment of fees if (1) the party submits "an affidavit that includes a statement of all assets," describes the nature of the appeal, and declares the affiant's belief in his entitlement to redress; and (2) the appeal is taken in good faith. 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a). Thus, there are two requirements that must be satisfied for a party to proceed on appeal *in forma pauperis*. While Plaintiff has already demonstrated an inability to pay the filing fee, he is not entitled to proceed *in forma pauperis* on appeal because the appeal is not taken in good faith.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S.

4

438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). The party seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). "A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith." *Bayview Loan Servicing, LLC v. Jones*, No. 1:18-cv-943-WSD, 2018 WL 1740934, at *3 (N.D. Ga. Apr. 11, 2018) (citing *Howard v. Huntington Nat'l Ban*k, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010)).

     Here, Plaintiff has not submitted a statement of good faith issues to be appealed. As a result, Plaintiff has not shown the Court that he seeks appellate review of an issue that is not frivolous. For that reason alone, the Court rests on solid ground to **DENY** Plaintiff's Motion to Appeal *In Forma Pauperis*. [Doc. 66]; *see Howard*, 2010 WL 4642913, at *3 ("The affidavit, however, . . . does not include a statement of the issues [that plaintiff] intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion.").

## **CONCLUSION**

     For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 63] and his Motion for Leave to Appeal *In Forma Pauperis* [Doc.

66].

**SO ORDERED**, this 21st day of March, 2022.

                                                    S/Tilman E. Self, III
                                                    **TILMAN E. SELF, III, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**